UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Curt Matthew Craven,                           Case No. 25-cv-1107 (JMB/LIB)

        Plaintiff,

    v.                                           **REPORT AND RECOMMENDATION**

Stearns County Jail,

        Defendant.

Pursuant to a general assignment made in accordance with 28 U.S.C. § 636, this matter comes before the undersigned United States Magistrate Judge upon the Defendant's Motion to Dismiss, [Docket No. 5]. The Court took the Motions under advisement upon the written submissions of the parties. (See Order [Docket No. 10]).

For the reasons discussed herein, the Court recommends that Defendant's Motion to Dismiss, [Docket No. 5], be **GRANTED in part** and **DENIED in part**.

**I.    Background**[1]

In December 2024, Plaintiff Curt Matthew Craven was being detained in the Stearns County Jail. (Compl. [Docket No. 1-1] at 3–4). Plaintiff alleges that while he was being detained there he received "'legal mail' from Stearns County Courts" which had been opened outside his presence. (See Compl. [Docket No. 1-1] at 1). Plaintiff was given this mail from the Stearns County Courts by a corrections officer on December 10, 2024. (Id.). Plaintiff further alleges that he received another piece of "legal mail" which had been opened outside his presences on

---

[1] The facts contained herein are taken from Plaintiff's Complaint and materials attached to Plaintiff's Complaint. Generally, in evaluating a complaint, materials outside the pleading cannot be considered on a motion to dismiss. See Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999). However, in addition to the pleadings themselves, a Court may consider exhibits attached to the pleadings; matters of public record, such as judicial records; and matters embraced by the pleadings. See, e.g., Mills v. City of Grand Forks, 614 F.3d 495, 498 (8th Cir. 2010) (citing Porous Media Corp., 186 F.3d at 1079); Mattes v. ABC Plastics, Inc., 323 F.3d 695, 697 n.4 (8th Cir. 2003); Levy v. Ohl, 477 F.3d 988, 991 (8th Cir. 2007).

December 11, 2024. (Id.). This second piece of mail was from Wilkin County Court administration. (See Id. at 1, 4).

Thereafter, Plaintiff initiated this action in the Minnesota State District Court, Seventh Judicial District, County of Stearns, Minnesota. (See Notice of Removal [Docket No. 1]; Complaint [Docket No. 1-1]; Exhibit E to Notice of Removal [Docket No. 1-5]). The sole defendant named in Plaintiff's Complaint is the Stearns County Jail. (See Compl. [Docket No. 1]). The only claim alleged in Plaintiff's Complaint is that Defendant violated Plaintiff's constitutional rights when jail staff allegedly opened Plaintiff's "legal mail" outside his presence. (See Id.).

After being served with a copy of a summons and Plaintiff's Complaint, Defendant removed the present action to this federal court. (See Notice of Removal [Docket No. 1]). In response to Plaintiff's Complaint, Defendant filed the present Motion to Dismiss. (Mot. [Docket No. 5]).

On April 3, 2025, the undersigned issued an Order establishing deadlines for the parties to submit briefs regarding Defendant's Motion to Dismiss and informing the parties that the Court would take Defendant's Motion to Dismiss under advisement upon the written submissions of the parties. (Order [Docket No. 10]). Plaintiff was required to file his response to Defendant's Motion to Dismiss by no later than April 23, 2025, and Defendant's reply thereto was required to be filed by no later than May 7, 2025. (Id.).

Plaintiff did not file a response to Defendant's Motion to Dismiss in the time permitted. In fact, Plaintiff has still not responded to Defendant's Motion to Dismiss or communicated with this Court in any manner during the pendency of this action.

## II.   Defendant's Motion to Dismiss. [Docket No. 5].

As noted above, Plaintiff alleges that Defendant violated his constitutional rights[2] when Defendant opened Plaintiff's "legal mail" outside of Plaintiff's presence. (Compl. [Docket No. 1]). To the extent Plaintiff raises federal constitutional claims, Plaintiff ostensibly raises those claims pursuant to 42 U.S.C. § 1983.

Defendant argues that Plaintiff's § 1983 claims should be dismissed with prejudice. (See Def.'s Mot. [Docket No. 5]; Def.'s Mem. [Docket No. 7]).[3] In support of this request, Defendant argues that Plaintiff's Complaint fails to state a claim upon which relief may be granted. (See Def.'s Mot. [Docket No. 5]; Def.'s Mem. [Docket No. 7]).

### A. Standard of Review

In addressing a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted, courts accept the complaint's factual allegations as true and draw all reasonable inferences in favor of the nonmoving party. See, e.g., Varga v. U.S. Nat'l Bank Ass'n, 764 F.3d 833, 838 (8th Cir. 2014); Maki v. Allete, Inc., 383 F.3d 740, 742 (8th Cir. 2004). The court may, however, disregard legal conclusions couched as factual allegations. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Hager v. Ark. Dep't of Health, 735 F.3d 1009, 1013 (8th Cir. 2013). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679.

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief

---

[2] Plaintiff's Complaint does not indicate whether his reference to "constitutional rights" refers to the United States or Minnesota constitution. (See Compl. [Docket No. 1-1]). Liberally construing his Complaint in his favor, the Court will construe Plaintiff's Complaint as asserting claims under the United States Constitution and the Minnesota Constitution. See Erikson v. Pardus, 551 U.S. 89, 94 (2007) (noting that the Court is required to liberally construe pro se pleading in favor of the pro se party).
[3] Defendant's Motion and accompanying memorandum do not address the possibility of Plaintiff's claims being based on the Minnesota Constitution.

3

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (cleaned up). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556–67).

In considering a motion to dismiss aimed at a pro se complaint, the Court must "liberally construe[]" the pro se complaint because "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erikson v. Pardus, 551 U.S. 89, 94 (2007); see Sorenson v. Minnesota Dep't of Corr., No. 12-cv-1336 (ADM/AJB), 2012 WL 3143927, at *2 (D. Minn. Aug. 2, 2012) (citing Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980)). "Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law." Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984); see Martin, 623 F.2d at 1286. Pro se complaints "still must allege sufficient facts to support the claims advanced." Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).

### B. Discussion

As noted above, Plaintiff asserts a § 1983 claim alleging that Defendant violated his constitutional rights by opening Plaintiff's "legal mail" outside of Plaintiff's presence. (Compl. [Docket No. 1]). Plaintiff alleges that his "legal mail" was opened outside his presence on two occasions. (Id.).

As an initial matter, Plaintiff's failure to respond to Defendant's Motion to Dismiss operates as an abandonment of his claim and a waiver of any argument in opposition to Defendant's request for dismissal. See, e.g., Carlson v. Univ. of Nw. St. Paul, No. 23-cv-577 (JMB/ECW), 2024 WL 3495802, at *2 (D. Minn. July 22, 2024) (collecting cases). This represents a sufficient, independent basis upon which to recommend that Plaintiff's claims be dismissed without prejudice, and the Court recommends dismissal on that basis. See Carlson, 2024 WL 3495802, at *2; Moore v. Robert Half Int'l Inc., No. 23-cv-906 (JRT/ECW), 2023 WL 5960361, at *2 (D. Minn. Sept. 13, 2023). However, for the sake of completeness, the Court will also consider the substantive merits of Plaintiff's claim.

To state a claim upon which relief may be granted pursuant to 42 U.S.C. § 1983, "a plaintiff must [allege] (1) violation of a [federal] constitutional right, (2) committed by a state actor, (3) who acted with the requisite culpability and causation to violate the constitutional right." McDonald v. City of Saint Paul, 679 F.3d 698, 704 (8th Cir. 2012) (quoting Shrum ex rel Kelly v. Kluck, 249 F.3d 773, 777 (8th Cir. 2001)). Vicariously liability does not exist in actions brought pursuant to 42 U.S.C. § 1983, Beard v. Lockhart, 716 F.2d 544, 545 (8th Cir. 1983), and the doctrine of respondeat superior does not apply to actions under Section 1983. Monnell v. Dep't of Soc. Servs., 436 U.S. 659, 691 (1978).

In the present case, Plaintiff's Complaint fails to state a claim upon which relief may be granted because the Complaint's sole defendant, the Stearns County Jail, is not an entity subject to suit for the purposes of a § 1983 claim. See, e.g., Hanes v. Sherburne Cnty. Jail, No. 23-cv-1191 (SRN/LIB), 2024 WL 867800, at *3 (D. Minn. Feb. 29, 2024) (citing Owens v. Scott County Jail, 328 F.3d 1026, 1026 (8th Cir. 2003)); LaDeaux v. Woodbury Cnty. Jail, 857 F. App'x 892, 893 (8th Cir. 2021). This represents another sufficient basis upon which the entirety

5

of Plaintiff's Complaint can be dismissed without prejudice. See De La Garza v. Kandiyohi Cnty. Jail, 18 F. App'x 436, 437 (8th Cir. 2001).

Therefore, to the extent Defendant seeks an Order of this Court dismissing Plaintiff's Complaint, the undersigned recommends that Defendant's Motion to Dismiss, [Docket No. 5], be **GRANTED in part**. However, as Courts have observed, a dismissal on the basis that the sole named defendant is not an entity subject to suit is made without prejudice to permit the plaintiff to refile their complaint to name a suable entity or individual. See De La Garza, 18 F. App'x at 437. Thus, to the extent Defendant's Motion seeks the dismissal with prejudice of Plaintiff's Complaint, the undersigned recommends that Defendant's Motion to Dismiss, [Docket No. 5], be **DENIED in part**.[4]

### C. State Law Claims

As noted above, Plaintiff's Complaint could be liberally construed as alleging a state constitutional claim in addition to Plaintiff's § 1983 claim based on the same alleged conduct underlying Plaintiff's § 1983 claim. Specifically, Plaintiff's Complaint could be construed to allege a claim under the Minnesota Constitution.

Supplemental jurisdiction under 28 U.S.C. § 1367 by a federal court over state law claims may be exercised at the discretion of the district court. Glorvigen v. Cirrus Design Corp., 581 F.3d 737, 749 (8th Cir. 2009). The "justification" for supplemental jurisdiction "lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).

---

[4] Since Plaintiff has not named a suable entity as defendant in this case, the Court need not, and will not, address the plausibility of his claims.

6

"Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." Id.

If it appears that state issues substantially predominate, courts have tended towards dismissing said state law claims without prejudice, to be left for resolution by the state courts. Id. And "[w]here, as here, resolution of the remaining claims depends solely on a determination of state law, the Court should decline to exercise jurisdiction." Hollie v. Essentia Health Moose Lake Clinic, No. 22-cv-314 (KMM/LIB), 2023 WL 9067596, at *9 (D. Minn. July 27, 2023) (quoting Glorvigen, 581 F.3d at 749), report and recommendation adopted, 2023 WL 8868792 (D. Minn. Dec. 22, 2023), aff'd, No. 24-1220, 2024 WL 4179082 (8th Cir. Sept. 13, 2024).

Because this Court recommends dismissing Plaintiff's sole federal law claim and because Plaintiff's remaining state law claim depends solely on a determination of state law, the Court recommends declining to exercise supplemental jurisdiction over Plaintiff's state law claim given the extremely early stage of this litigation. See Gregoire v. Class, 236 F.3d 413, 419–20 (8th Cir. 2000) (stating federal courts should exercise judicial restraint and avoid state law issues whenever possible); United Mine Workers of Am., 383 U.S. at 726; Zubrod v. Hoch, 907 F.3d 568, 580 (8th Cir. 2018); Thompson v. Kanabec Cnty., 958 F.3d 698, 708 (8th Cir. 2020).

Accordingly, the undersigned recommends that Plaintiff's state law claim also be **DISMISSED without prejudice**. See St. John v. Int'l Ass'n of Machinist and Aerospace Workers, 139 F.3 1214, 1217 (8th Cir. 1998) ("Normally, the decision not to exercise supplemental jurisdiction results in a dismissal without prejudice."); Thompson, 958 F.3d at 708.

### III. Conclusion

Therefore, based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Defendant's Motion to Dismiss, [Docket No. 5], be **GRANTED in part** and **DENIED in part**, as set forth herein; and

2. Plaintiff's claims be **DISMISSED without prejudice**.

Dated: July 1, 2025                                         s/ Leo I. Brisbois
                                                            Hon. Leo I. Brisbois
                                                            United States Magistrate Judge

# N O T I C E

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served with a copy of the recommended disposition[.]" A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).